IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **BRANDEIS UNIVERSITY and GFA BRANDS, INC.,**<br><br>Plaintiffs,<br><br>v.<br><br>**EAST SIDE OVENS, INC.;**<br>**KEEBLER CO.;**<br>**FAMOUS AMOS CHOCOLATE CHIP COOKIE COMPANY, LLC;**<br>**MURRAY BISCUIT CO. LLC;**<br>**VOORTMAN COOKIES LTD.;**<br>**BREMNER FOOD GROUP, INC.;**<br>**WESSANEN U.S.A., INC.;**<br>**COOKIE SPECIALTIES, INC.;**<br>**TOPCO ASSOCIATES LLC;**<br>**THE PILLSBURY COMPANY, LLC;**<br>**UNILEVER UNITED STATES, INC;**<br>**CONOPCO, INC.; and**<br>**NESTLÉ USA, INC.,**<br><br>Defendants. | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.: 11-cv-619<br><br>**TRIAL BY JURY DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Brandeis University and GFA Brands, Inc. ("Plaintiffs"), by their attorneys, Quarles & Brady LLP, for their complaint against East Side Ovens, Inc., Keebler Co., Famous Amos Chocolate Chip Cookie Company, LLC, Murray Biscuit Co. LLC, Voortman Cookies Ltd., Bremner Food Group, Inc., Wessanen U.S.A., Inc., Cookie Specialties, Inc., Topco Associates LLC, The Pillsbury Company, LLC, Unilever United States, Inc., Conopco, Inc., and Nestlé USA, Inc. (collectively "Defendants"), hereby allege as follows:

QB\139986.00180\13442919.2

## THE PARTIES

1.      Plaintiff Brandeis University ("Brandeis") is a University established in the Commonwealth of Massachusetts with its principal place of business at 415 South Street, Waltham, MA 02453.

2.      Plaintiff GFA Brands, Inc. ("GFA Brands") is a Delaware corporation with its principal place of business at 115 West Century Road, Suite 260, Paramus, NJ 07652.

3.      On information and belief, Defendant East Side Ovens, Inc. ("East Side Ovens") is a Wisconsin corporation with its principal place of business at 2899 South Kinnickinnic Avenue, Milwaukee, WI 53207.

4.      On information and belief, Defendant Keebler Co. ("Keebler") is a Delaware corporation with its principal place of business at 633 Larch Avenue, Elmhurst, IL 60126.

5.      On information and belief, Defendant Famous Amos Chocolate Chip Cookie Company, LLC ("Famous Amos") is a Delaware limited liability company with its principal place of business at 1 Kellogg Square, Battle Creek, MI 49016.

6.      On information and belief, Defendant Murray Biscuit Co. LLC ("Murray") is a Delaware limited liability company with its principal place of business at 1550 Marvin Griffin Road, Atlanta, GA 30906.

7.      On information and belief, Defendant Voortman Cookies Ltd. ("Voortman") is a corporation organized and existing under the laws of Canada with its principal place of business at 4475 North Service Road, Burlington, ON L7L4X7.

8.      On information and belief, Defendant Bremner Food Group, Inc. ("Bremner") is a Nevada corporation with its principal place of business at 800 Market Street, St. Louis, MO 63101.

9.     On information and belief, Defendant Wessanen U.S.A., Inc. ("Wessanen") is a Delaware corporation with its principal place of business at One Daily Way, Verona, PA 15147.

10.    On information and belief, Defendant Cookie Specialties, Inc. ("Cookie Specialties") is an Illinois corporation with its principal place of business at 482 Milwaukee Avenue, Wheeling, IL 60090.

11.    On information and belief, Defendant Topco Associates, LLC ("Topco") is a Delaware limited liability company with its principal place of business at 7711 Gross Point Road, Skokie, IL 60077.

12.    On information and belief, Defendant The Pillsbury Company, LLC ("Pillsbury") is a Delaware limited liability company with its principal place of business at Number One General Mills Boulevard, Minneapolis, MN 55426.

13.    On information and belief, Defendant Unilever United States, Inc. ("Unilever") is a Delaware corporation with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632.

14.    On information and belief, Defendant Conopco, Inc. ("Conopco") is a New York corporation with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632.

15.    On information and belief, Defendant Nestlé USA, Inc. ("Nestlé") is a Delaware corporation with its principal place of business at 800 North Brand Boulevard, Glendale, CA 91203.

## JURISDICTION

16. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

17. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business in the State of Wisconsin and within the Western District of Wisconsin. Defendants make, import, sell, offer to sell, and/or induce the sale of various infringing products, directly or through intermediaries, in or into Wisconsin and this judicial District, thereby causing injury and damages in Wisconsin and this judicial District which may result from acts committed outside Wisconsin or the District, including but not limited to utilizing their own established distribution channels or distribution channels of an intermediary to market and sell infringing products in Wisconsin and this District. In conducting their business in Wisconsin and this judicial District, Defendants derive substantial revenue from infringing products being sold, used or consumed in Wisconsin and this District, and will continue to do so unless enjoined by this Court.

18. Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b) because, on information and belief, the accused acts of direct infringement occur in this District, as Defendants make or import infringing products in or into this District, and/or sell, offer to sell and/or induce the sale of infringing products to customers in this District.

## FACTS GIVING RISE TO THIS ACTION

19. Paragraphs 1 - 18 are incorporated by reference as if set forth here in full.

20. United States Patent No. 5,843,497 ("the '497 Patent"), entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and

Polyunsaturated Dietary Fatty Acids," properly issued on December 1, 1998. A true and correct copy of the '497 Patent is attached as Exhibit A hereto.

21. Legal title to the '497 Patent is held by Brandeis. Brandeis has made significant investment in researching and developing the '497 Patent.

22. Brandeis granted a worldwide, sole and exclusive license under the '497 Patent, with the right to sublicense, to GFA Brands. This license grants GFA Brands the right to sue for infringement of the '497 Patent.

23. United States Patent No. 6,630,192 ("the '192 Patent"), entitled "Increasing the HDL Level in the HDL/LDL Ratio in Human Serum by Balancing Saturated and Polyunsaturated Dietary Fatty Acids," properly issued on October 7, 2003 with a, *Ex Parte* Reexamination Certificate issued September 19, 2006. A true and correct copy of the '192 Patent is attached as Exhibit B hereto. The '192 Patent is in the same patent family as the '497 Patent.

24. Legal title to the '192 Patent is held by Brandeis. Brandeis has made significant investment in researching and developing the '192 Patent.

25. Brandeis granted a worldwide, sole and exclusive license of the '192 Patent, with the right to sublicense, to GFA Brands. This license grants GFA Brands the right to sue for infringement of the '192 Patent.

26. The claimed inventions in the '497 and '192 Patents (collectively, the "Patents-in-Suit") are directed to fats and fat blends that decrease low-density lipoprotein cholesterol (LDL) and increase high-density lipoprotein cholesterol (HDL) in the human serum. This adjustment of the LDL/HDL ratio by the claimed inventions in the Patents-in-Suit results in significant health benefits.

27.     Since GFA Brands acquired sole exclusive licenses under the '497 and '192 Patents, GFA Brands has made significant investment in researching, developing, and marketing products that embody the inventions of the '497 and '192 Patents.

28.     On information and belief, one or more Defendants make, use, sell, offer to sell, import, have made, used, sold, offered to sell and/or imported products that infringe or have infringed the '497 and/or '192 Patents.

29.     On information and belief, one or more Defendants buy products that infringe the Patents-in-Suit from common sources and use these infringing products in the manufacture of their products. All of these infringing acts severely undermine Plaintiffs' significant investment in the inventions of the Patents-in-Suit, all to Plaintiffs' detriment.

30.     As a result, Plaintiffs bring this action to seek damages and injunctive relief arising out of Defendants' infringing acts.

## COUNT I
### Infringement of U.S. Patent No. 5,843,497

31.     Paragraphs 1 - 30 are incorporated by reference as if set forth here in full.

32.     On information and belief, East Side Ovens' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as East Side Ovens Cranberry Orange Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

33.     On information and belief, Keebler's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Chips Deluxe Chocolate Lovers Cookies, Chips

Deluxe Oatmeal Chocolate Chip Cookies, and Chips Deluxe Rainbow Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

34. On information and belief, Famous Amos' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Bite Size Chocolate Chip & Pecans Cookies and Chocolate Chip Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

35. On information and belief, Murray's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Murray Sugar Free Chocolate Chip Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

36. On information and belief, Voortman's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Fudge Striped Oatmeal Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

37. On information and belief, Bremner's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Rippin' Good® Vanilla Wafers and Rippin' Good® Animal Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

QB\139986.00180\13442919.2

38. On information and belief, Wessanen's manufacture, use, sale, offer for sale and/or importation into the United States of certain crackers and products used in making such crackers, including, but not limited to, crackers sold as Baker's Row Mini Oyster Crackers, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

39. On information and belief, Cookie Specialties' manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Matt's® Oatmeal Raisin Cookies, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

40. On information and belief, Topco's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as ShurFine® Vanilla Wafers and ShurFine® Animal Crackers, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

41. On information and belief, Pillsbury's manufacture, use, sale, offer for sale and/or importation into the United States of certain dough products and products used in making such dough products, including, but not limited to, dough products sold as Grands Flaky Layers Reduced Fat Biscuits and Reduced Fat Crescent Rolls, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents

42. On information and belief, Nestlé's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies, cookie doughs, and products used in making such cookies and doughs, including, but not limited to, cookie dough sold as Tollhouse

Chocolate Chip Cookie Dough, constitutes infringement of at least Claim 7 of the '497 Patent, either directly or indirectly, literally or under the doctrine of equivalents

43. Plaintiffs complied with 35 U.S.C. § 287 by providing the defendants identified above with actual and/or constructive notice of their infringement.

44. The infringing activities described above violate one or more subsections of 35 U.S.C. § 271.

45. If the activities by the defendants identified above are not enjoined, Plaintiffs will suffer irreparable harm that cannot be adequately compensated by a monetary award.

46. Plaintiffs have suffered economic harm as a result of the infringing activities described above in an amount to be proven at trial.

## COUNT II
### Infringement of U.S. Patent No. 6,630,192

47. Paragraphs 1 - 30 are incorporated by reference as if set forth here in full.

48. On information and belief, Unilever's and Conopco's manufacture, use, sale, offer for sale and/or importation into the United States of certain products, including, but not limited to, spreads sold as Promise Buttery Spread, constitutes infringement of at least Claim 1 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

49. On information and belief, Keebler's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Vanilla Wafers and Mini Vanilla Wafers, constitutes infringement of at least Claims 1 and 46 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

50. On information and belief, Bremner's manufacture, use, sale, offer for sale and/or importation into the United States of certain cookies and products used in making such cookies, including, but not limited to, cookies sold as Rippin' Good® Vanilla Wafers, constitutes infringement of at least Claims 1 and 46 of the '192 Patent, either directly or indirectly, literally or under the doctrine of equivalents.

51. Plaintiffs complied with 35 U.S.C. § 287 by providing Unilever, Conopco, Keebler and Bremner with actual and/or constructive notice of their infringement.

52. Unilever's, Conopco's, Keebler's and Bremner's activities violate one or more subsections of 35 U.S.C. § 271.

53. If Unilever's, Conopco's, Keebler's and Bremner's infringing activities are not enjoined, Plaintiffs will suffer irreparable harm that cannot be adequately compensated by a monetary award.

54. Plaintiffs have suffered economic harm as a result of Unilever's, Conopco's, Keebler's and Bremner's infringing activities in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief from this Court:

1. A judgment that East Side Ovens, Keebler, Famous Amos, Murray, Voortman, Bremner, Wessanen, Cookie Specialties, Topco, Pillsbury and Nestlé have infringed and are infringing the '497 Patent;

2. A judgment that Unilever, Conopco, Keebler and Bremner have infringed and are infringing the '192 Patent;

3. A judgment that East Side Ovens', Keebler's, Famous Amos', Murray's, Voortman's, Bremner's, Wessanen's, Cookie Specialties', Topco's, Pillsbury's and Nestlé's

infringement of the '497 Patent has been willful;

4. A judgment that Unilever's, Conopco's, Keebler's and Bremner's infringement of the '192 Patent has been willful;

5. A preliminary and permanent injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining East Side Ovens, Keebler, Famous Amos, Murray, Voortman, Bremner, Wessanen, Cookie Specialties, Topco, Pillsbury and Nestlé and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '497 Patent for the full term thereof and from inducing infringement of the '497 Patent;

6. A preliminary and permanent injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining Unilever, Conopco, Keebler and Bremner and their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '192 Patent for the full term thereof and from inducing infringement of the '192 Patent;

7. An award of damages to Plaintiffs including pre-judgment and post-judgment interest, in an amount adequate to compensate for East Side Ovens', Keebler's, Famous Amos', Murray's, Voortman's, Bremner's, Wessanen's, Cookie Specialties', Topco's, Pillsbury's and Nestlé's infringement of the '497 Patent, and that the damages be trebled pursuant to 35 U.S.C. § 284;

8. An award of damages to Plaintiffs including pre-judgment and post-judgment interest, in an amount adequate to compensate for Unilever's, Conopco's, Keebler's and Bremner's infringement of the '192 Patent, and that the damages be trebled pursuant to 35 U.S.C. § 284;

9. Costs and expenses in this action;

10. A declaration that this is an exceptional case and an award of attorneys' fees,

disbursements, and costs of this action pursuant to 35 U.S.C. § 285; and

      11.     Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues properly tried to a jury.

Dated this 7th day of September, 2011.

          */s/ Anthony A. Tomaselli*
          Anthony A. Tomaselli
          aat@quarles.com
          Kristin Graham Noel
          kgn@quarles.com
          Martha Jahn Snyder
          martha.snyder@quarles.com
          Stephen J. Gardner
          stephen.gardner@quarles.com
          QUARLES & BRADY LLP
          33 East Main Street, Suite 900
          Madison, Wisconsin 53703-3095
          Tel.: 608.251.5000
          Fax: 608.251.9166

          *Attorneys for Plaintiffs*
          *Brandeis University and GFA Brands, Inc.*